1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8   _____
                                           )
9   BANK OF AMERICA,                       )
                                           )      No. C07-0322RSL
10                          Plaintiff,     )
                   v.                      )
11                                         )      ORDER GRANTING PLAINTIFF'S
    TRAVELERS INDEMNITY COMPANY,           )      MOTION FOR PARTIAL
12  *et al.*,                              )      SUMMARY JUDGMENT
                                           )
13                          Defendants.    )
    _____)
14

15          This matter comes before the Court on "Plaintiff's Motion for Summary Judgment

16  re: Duty to Defend." Dkt. # 20. Plaintiff seeks a declaration that defendant Travelers Casualty

17  and Surety Company owed a duty to defend Bank of America in an environmental

18  contamination suit. Travelers argues that the pollution exclusion in its policy excludes coverage

19  for the underlying litigation and that Bank of America may have breached the policy by

20  impairing Traveler's contribution and/or subrogation rights against other insurers.

21          Having reviewed the memoranda, declarations, and exhibits submitted by the

22  parties, the Court finds as follows:

23      **A. Underlying Litigation**

24          In determining whether Travelers had a duty to defend under Policy No.

25  01GL10053SCA, the Court primarily considers the allegations of the complaint in the

26
    ORDER GRANTING PLAINTIFF'S MOTION
    FOR PARTIAL SUMMARY JUDGMENT

underlying litigation.  The duty of an insurer to defend an action brought against its insured arises when the complaint alleges facts which could, if proven, impose liability upon the insured that falls within the policy's coverage provisions.  <u>E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.</u>, 106 Wn.2d 901, 908 (1986); <u>McMahan & Baker, Inc. v. Continental Casualty Company (CNA)</u>, 68 Wn. App. 573, 580 (1993).  The complaint must be liberally construed and the insurer must defend, consistent with the policy provisions, if the claim is potentially within the policy's coverage.  <u>Bosley v. American Motorists Ins. Co.</u>, 66 Wn. App. 698, 701 (1992).

In 2004, Safeway, Inc., the owner of a property at the base of Queen Anne Hill, sued Bank of America after discovering that Safeway's property was contaminated with petroleum hydrocarbons.  Bank of America was sued in its role as trustee of the Donald C. and Mary Clare Jurgensen Trust.  The primary asset of the Trust is a property adjoining the Queen Anne Safeway site.  In the underlying litigation, Safeway alleged that the trust property was a source of the environmental contamination in the area – it had been used as a laundry, dry cleaners, and dye facility between 1918 and the 1950s – and that Bank of America was liable as "a trustee for its ownership interest in the 523 Queen Anne Avenue property . . . ."  <u>Safeway, Inc. v. ChevronTexaco Corp.</u>, No. 04-2-33585-0 SEA (King County Superior Court) (Complaint at ¶ 4.33).

**B. Pollution Exclusion**

Although the comprehensive general liability policy at issue in this case generally covers liabilities arising from property damage, the policy contains a pollution exclusion upon which Travelers relied when it denied coverage.  Pursuant to the exclusion, coverage does not exist for:

1.    . . . [B]odily injury or property damage arising out of the actual, alleged or
      threatened discharge, dispersal, release, escape or contamination by
      pollutants:

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT          -2-

1

        (A)    at or from premises owned by, rented to, or occupied by the insured

2

                               . . .

3

     2.      Any loss, cost or expense arising out of any governmental direction or

4

             request imposed upon the insured to test for, monitor, clean up, remove, contain, threat, detoxify or neutralize pollutants, or for the preparation of

5

             any plan relating to any of the foregoing activities.

6

Policy No. 01GL10053SCA, Special Endorsement No. 18.  Defendants argue that coverage is

7

precluded under paragraph 1(A) of the pollution exclusion and that paragraph 2 was triggered by

8

an April 2004 letter from the Washington Department of Ecology to Bank of America.

9

          Under the law of Washington, insurance policies are contracts and must be

10

construed as such.

11

     An insurance policy is construed as a whole, with the policy being given a fair,

12

     reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.  If the language is clear and unambiguous,

13

     the court must enforce it as written and may not modify it or create ambiguity where none exists.  If the clause is ambiguous, however, extrinsic evidence of

14

     intent of the parties may be relied upon to resolve the ambiguity.  Any ambiguities

15

     remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer and in favor of the insured.  A clause is ambiguous when, on its

16

     face, it is fairly susceptible to two different interpretations, both of which are

17

     reasonable.

18

Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 665-66 (2000) (internal

19

quotation marks and citations omitted).  Plaintiff argues that the pollution exclusion is

20

ambiguous in that the terms "premises" and "owned by" are susceptible to more than one

21

interpretation and because the exclusion does not specify when the property had to be owned by

22

the insured.  Because the Court finds that the phrase "owned by" is ambiguous and must be

23

interpreted against the insurer, it need not decide the "premises" and timing arguments raised by

24

plaintiff.

25

26

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT     -3-

1    **1.  Paragraph 1(A):  "Owned By"**

2          Paragraph 1(A) of the pollution exclusion excludes from coverage environmental

3    contamination at or from property "owned by" the insured.  Whether property held in trust is

4    "owned by" the trustee is the issue in this case.  It is undisputed that Bank of America holds title

5    to the property adjoining the Queen Anne Safeway site:  Mary C. Jurgenson transferred the

6    property by quit claim deed to Bank of America's predecessor, Rainier National Bank, on May

7    14, 1980.  Defendants point out that, under Washington law and the terms of the trust, the

8    trustee has the authority to manage and convey the trust property in the same manner and to the

9    same extent as the trustors.  Defendants also argue that the parties must have intended "owned

10   by" to include trust properties because the policy was issued to "a trust department that will only

11   own property in trust."  Opposition at 4.  Any interpretation of "owned by" that excludes trust

12   properties would, according to defendants, gut the pollution exclusion because it would not

13   apply to any of the properties held by Rainier National Bank.

14          The Court is not persuaded.  In Washington, title and ownership are not

15   necessarily the same thing.  In attempting to identify the owner of property, the average person

16   would not consider only the possession of legal title, but also the nature of the transaction, the

17   intent of the parties, and any other relevant indicia of ownership (such as possession and right to

18   control).  See Gingrich v. Unigard Sec. Ins. Co., 57 Wn. App. 424, 430-31 (1990).  Depending

19   on the facts of a particular case, the term "owner" could be the person that holds legal title or the

20   person that has a right to title.  See, e.g., Webster's Third New International Dictionary 1612

21   (1981) (defining "owner" as "one that owns:  one that has the legal or rightful title whether the

22   possessor or not:  proprietor").  Because Rainier National Bank took legal title to the property as

23   part of a trust agreement, the property and any income derived therefrom were to be utilized for

24   the benefit of the trustors, not Rainier National Bank.  When the trustors die, the trust properties

25   are to be distributed to their designated heirs:  plaintiff has no long-term interest in the trust

26

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT          -4-

estate.  This separation of legal and beneficial ownership is common in trust arrangements.  In fact, the Restatement (Third) of Trusts §2 cmt. d distinguishes between "owner," which is used to describe a person holding an interest for his own benefit, and "title," the possession of which may or may not confer any of the benefits of ownership.

Defendants argue that a construction of the phrase "owned by" that excludes trust properties is not "fair, reasonable, or sensible" because it would vitiate the pollution exclusion. This argument is factually unsupported and overstates the impact of the Court's interpretation. The policy at issue was written for Rainier National Bank, not just its trust department.  Absent some evidence to the contrary, one must assume that the Bank held title to one or more properties (such as its branch offices or foreclosed premises) for its own benefit.  Under the Court's interpretation, the pollution exclusion would preclude coverage for liabilities arising out of environmental contamination at these properties because they were actually "owned by" the insured.  Thus, neither the text of the policy nor the context in which it was written compel an interpretation of "owned by" that would include trust properties.

For all of the foregoing reasons, the meaning of "owned by" as used in the pollution exclusion is ambiguous where the insured property is held in trust.  Construing the phrase in favor of the insured results in a finding that the trust property is not "owned by" Bank of America and, therefore, that paragraph 1(A) of the pollution exclusion does not apply.

## 2.  Paragraph 2:  Government Request

Defendants cite to an April 16, 2004, letter to Bank of America from the Department of Ecology in support of their argument that paragraph 2 of the pollution exclusion precludes coverage.  This argument fails for two reasons.  First, the letter does not contain "any governmental direction or request imposed upon the insured."  The letter simply provides notice that the Department of Ecology is interested in the site and that if Bank of America were to undertake any investigative or cleanup activities, it should carefully document its efforts.

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT            -5-

1  Second, the costs plaintiff seeks to recover were incurred in defending a suit initiated by

2  Safeway, Inc., not the government.  A simultaneous or subsequent request for action from the

3  Department of Ecology (or the United State Environmental Protection Agency) cannot convert

4  these defense costs into a "loss . . . arising out of any governmental direction or request imposed

5  upon the insured."  The Court therefore finds that paragraph 2 does not apply and that no

6  additional discovery is necessary to resolve this argument.  Defendants' request for additional

7  time pursuant to Fed. R. Civ. P. 56(f) is denied.

8  **B.  Impairment of Contribution and/or Subrogation Rights**

9  Plaintiff seeks a declaration that Travelers had a duty to defend the underlying

10  litigation.  Where the facts alleged in the underlying complaint have the potential to trigger

11  coverage, the duty to defend applies.  While the Court is willing to acknowledge that there may

12  be instances in which the insured's abject failure to comply with a procedural requirement of the

13  contract (such as the duty to provide documents or the duty to give timely notice) may justify a

14  refusal to defend, this is not such a case.  Whether plaintiff has compromised defendants'

15  subrogation and/or contribution rights is not clear today, much less at the time Bank of America

16  gave notice of the underlying litigation.  Defendants offer no authority for their argument that an

17  insurer may refuse to defend because the insured might have breached a procedural requirement

18  in the policy.   Such a hypothetical injury cannot justify a refusal to defend, even if it may

19  ultimately result in a finding that plaintiff has waived its right to coverage.

20

21  For all of the foregoing reasons, the Court finds that Travelers Casualty and Surety

22  Company had a duty to defend Bank of America in the underlying environmental contamination

23  suit.  Plaintiff's motion for partial summary judgment regarding the duty to defend is therefore

24  GRANTED.

25

26  ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT          -6-

1

Dated this 22nd day of January, 2008.

2

3

*Robt S Lasnik*

4

Robert S. Lasnik

5

United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT          -7-