UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BANK OF AMERICA,                              )
                                            )    No. C07-0322RSL
                  Plaintiff,     )
       v.                                                        )
                                            )    ORDER DENYING MOTION FOR
TRAVELERS INDEMNITY COMPANY,   )    DISMISSAL AND CONTRIBUTION
*et al.*,                                                             )    BAR
                                            )
                  Defendants.  )
_____)

          This matter comes before the Court on the "Joint Motion of Plaintiff, Defendants and Third Party Defendants Unigard Insurance Company and Great American Insurance Company to Lift the Stay in this Action; for Dismissal of all Claims and for Contribution Bar Against Third Party Defendants Wausau Insurance Company and Nationwide Indemnity Company." Dkt. # 129. Plaintiff has reached a settlement agreement with the three insurance companies it sued and two of the four third-party defendants. The settling parties seek dismissal of the claims asserted against them by the non-settling third-party defendants, Wausau Insurance Company and Nationwide Indemnity Company (collectively "Wausau") and an order barring future contribution claims related to this litigation.[1]

          In multi-party litigation, bar orders can be an essential component of a partial

---

[1] Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that this matter may decided on the papers. Wausau's request for oral argument is DENIED.

ORDER DENYING MOTION FOR
DISMISSAL AND CONTRIBUTION BAR

settlement. Absent such a mechanism:

> Any single defendant who refuses to settle, for whatever reason, forces all others to trial. Anyone foolish enough to settle without barring contribution is courting disaster. They are allowing the total damages from which their ultimate share will be derived to be determined in a trial where they are not even represented.

Franklin v. Kaypro Corp., 884 F.2d 1222, 1229 (9th Cir. 1989) (quoting Nucorp Securities Litig., 661 F. Supp. 1403, 1408 (S.D. Cal. 1987)). Settlements offer parties relief from the burden and uncertainties inherent in litigation and result in savings to the judicial system. Assisting parties in their efforts to resolve outstanding disputes and avoid future entanglements through a bar order promotes settlement and rewards compromise before trial. The Court therefore finds that it has the "inherent equitable power to enter an order precluding subsequent claims for contribution (and indemnity) by non-settling parties . . . ." Zidell Marine Corp. v. Beneficial Fire and Casualty Ins. Co., C03-5131RBL (May 24, 2004). See also Puget Sound Energy v. Certain Underwriters at Lloyd's, London, 134 Wash. App. 228, 248-49 (2006).

The public policy favoring settlement and the Court's interest in expeditiously clearing complex litigation from its docket must, however, be "tempered by the need to assure factual fairness and the correct application of legal principles" when considering a contribution bar. Franklin, 884 F.2d at 1225. A bar order is appropriate only where the proposed settlement is reasonable and the interests of the non-settling defendants are protected. Franklin, 884 F.2d at 1231; Zidell, C03-5131RBL at *3. The moving parties have not shown that either requirement is satisfied here.

Although reasonableness in this context is not a high hurdle (the Court must simply ensure that the settlement is not patently collusive or inadequate), the moving parties have not provided a copy of the settlement agreement or disclosed its substantive terms. Given the dearth of information regarding the underlying liabilities for which plaintiff seeks coverage and the terms of the proposed settlement, the Court is left to wonder how much, if anything, the settling defendants are required to pay, how their payments compare to the underlying liability

1 and their time on the risk, and whether there are unknown liabilities that could be laid at
2 Wausau's door in the future. If the settling defendants are getting a "sweetheart" deal, leaving to
3 defendant Wausau the vast majority of the damages, the settlement could be both collusive and
4 inadequate. Despite the fact that all relevant information is within the moving parties' control,
5 the Court currently has no means by which to evaluate the reasonableness of the proposed
6 settlement and will not presume good faith or adequacy.

7 Nor have the moving parties shown that Wausau's interests will be protected if the
8 requested bar order is entered. The settling parties make no effort to explain how Wausau's
9 liability will be established, making it very difficult to evaluate whether the non-settling
10 defendants risk paying more than they would if all parties went to trial. Franklin, 844 F.2d at
11 1231. In Zidell, the court assumed that the non-settling insurers would receive full credit for
12 payments made by the settling defendants. C03-5131RBL at *5-6.[2] In Puget Sound Energy, the
13 appellate court noted the absence of any mechanism to protect the non-settling defendant and
14 therefore granted a bar order "with the proviso that plaintiff is not thereby protected from being
15 the party that will bear the loss should the settlement be inadequate." 134 Wn. App. at 248-49.
16 A similar bar order placing the risk of a bad settlement on plaintiff was entered in Franklin, 884
17 F.2d at 1232.

18 The bar order requested by the settling parties provides none of these safeguards.
19 If the settling defendants are paying less than their full share, Bank of America could proceed to
20 trial against Wausau and attempt to make up the shortfall through a large damage award. The
21 proposed order would not only deprive Wausau of its opportunity to seek contribution or
22 indemnity from the other insurers on the risk, but would also preclude any claim for offset

---

[2] The moving parties argue that an offset would be inappropriate in this case because there is no way to determine how payments made under the settlement agreement are apportioned between and among the covered risks. This argument is ironic given that the moving parties are opposing discovery designed to fill this information gap.

ORDER DENYING MOTION FOR
DISMISSAL AND CONTRIBUTION BAR        -3-

against Bank of America. Wausau could easily end up paying more than its share of the liability. Because the settling parties have provided no evidence that could "support adequately a conclusive finding that the settling defendants paid their proper share of damages" (Smith v. Mulvaney, 827 F.2d 558, 561 (9th Cir. 1987)), neither dismissal nor a bar order is appropriate.[3]

For all of the foregoing reasons, the motion for summary judgment and a contribution bar against third-party defendants Wausau Insurance Company and Nationwide Indemnity Company is DENIED.

Dated this 2nd day of March, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Nor have the settling parties provided case law supporting the requested dismissal of Wausau's request for declaratory judgment against Bank of America. Dkt. # 37 at ¶ 46 ("Alternatively, Wausau would seek a declaration of rights and responsibilities among the parties to this action with respect to all policies of insurance at issue in this action."). At the very least, Wausau must be permitted to contest its coverage obligations at trial.