UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
BANK OF AMERICA,                          )
                                                          )          No. C07-0322RSL
                              Plaintiff,                  )
            v.                                             )
                                                          )          ORDER REGARDING MOTION FOR
TRAVELERS INDEMNITY COMPANY,   )          PROTECTIVE ORDER
*et al.*,                                                 )
                                                          )
                              Defendants.             )
_____)

        This matter comes before the Court on the "Joint Motion by Plaintiff, Defendants

and Third Party Defendants Unigard Insurance Company and Great American Insurance

Company for Protective Order." Dkt. # 136. As discussed in the Court's "Order Denying

Motion for Dismissal and Contribution Bar," of even date, the terms of the settlement agreement

are relevant to the issues remaining in this litigation. The moving parties cannot preclude

discovery of relevant information by agreeing amongst themselves that the information is

"confidential." There is no indication that the agreement contains trade secrets, privileged, or

confidential business information protected by state or federal law. To the extent the moving

parties simply prefer that their arrangement be kept private, that preference must give way if

they intend to rely on the terms of the agreement as support for their request for dispositive relief

and/or a contribution bar against defendants Wausau Underwriters Insurance Company and

Nationwide Indemnity Company (collectively, "Wausau").

ORDER REGARDING MOTION FOR
PROTECTIVE ORDER

1    The notices of deposition issued by Wausau on November 19, 2008, contained a

2  request that the deponent produce documents at their depositions on December 2, 2008. Wausau

3  may not avoid the limitations and requirements of Fed. R. Civ. P. 34 by demanding that a party

4  produce documents at a deposition scheduled less than thirty days in the future. Rule 30(b)(2)

5  distinguishes between *subpoena duces tecum* served on a non-party deponent and "a request [to

6  a party] under Rule 34 to produce documents and tangible things at the deposition." See Schultz

7  v. Olympic Med. Ctr., C07-5377FDB, 2008 WL 3977523 (W.D. Wash. Aug. 22, 2008). The

8  moving parties have therefore shown good cause for an order extending the time in which to

9  produce the requested documents.

10

11   For all of the foregoing reasons, the motion for protective order is GRANTED in

12  part and DENIED in part. Wausau's expedited requests for documents were improper and are

13  therefore stricken. The moving parties are not, however, entitled to a protective order against

14  future production of the settlement agreement as long as that document remains relevant (*i.e.*, as

15  long as it may be relied upon to seek dispositive relief or a contribution bar against Wausau).

16  Nor may the moving parties avoid the depositions of their Rule 30(b)(6) designees. Wausau

17  may reissue its notices of deposition for thirty days from the date of this Order

18

19   Dated this 2nd day of March, 2009.

20

21   Robert S. Lasnik

22   United States District Judge

23

24

25

26

ORDER REGARDING MOTION FOR
PROTECTIVE ORDER                    -2-