UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BANK OF AMERICA,                         )
                                         )
                    Plaintiff,           )   No. C07-0322RSL
          v.                             )
                                         )   ORDER GRANTING IN PART
TRAVELERS INDEMNITY COMPANY,             )   MOTION TO COMPEL DISCOVERY
*et al.*,                                )   FROM BANK OF AMERICA
                                         )
                    Defendants.          )
_____)

This matter comes before the Court on "Wausau Underwriters Insurance Company and Nationwide Indemnity Company's Motion to Compel Discovery from Plaintiff Bank of America, N.A." Dkt. # 167. Third-party defendants Wausau Underwriters Insurance Company and Nationwide Indemnity Company (collectively "Wausau") seek an order compelling Bank of America (a) to produce documents relating to the Bank's defense of an environmental contamination action, a vulnerable adult proceeding, and a financial exploitation action and (b) to supplement its Rule 26 disclosures.[1] Bank of America argues that the documents related to the underlying litigations are protected by the attorney client privilege and/or work product doctrine and that it has no duty to supplement its initial disclosures because Mrs. Mary C. Jurgensen now controls any remaining rights under the Wausau policy.

---

[1] The parties have resolved their dispute regarding the production of documents related to the settlement of a lawsuit brought against Bank of America by Mary C. Jurgensen.

ORDER GRANTING IN PART
MOTION TO COMPEL DISCOVERY

# BACKGROUND

In October 2004, Safeway sued a number of adjacent land owners for environmental contamination discovered on its property. Bank of America was sued as trustee for the Jurgensen Living Trust, which owned the property. The Bank retained the law firm of Davis Wright Tremaine ("DWT") as defense counsel in the environmental litigation, despite the fact that DWT represented two of the Bank's co-defendants, ConocoPhillips and ChevronTexaco, in unrelated matters. The Bank signed a waiver of conflicts of interest acknowledging that DWT could not assert any cross-claims against the oil companies regarding the contamination on Safeway's property. The Bank settled the environmental litigation with Safeway for $633,333 and commenced suit against some of its insurers to recover the settlement payment plus attorney's fees of more than $1,000,000. A week after the coverage action was initiated, Bank of America notified Wausau of Safeway's environmental contamination claim and requested coverage under its insurance policy. When Wausau was brought into the coverage action as a third-party defendant, it filed a cross-claim for declaratory relief against Bank of America arguing that it has no duty to indemnify the Bank because it had breached the notice provision of the insurance contract.

# DISCUSSION

## A. Attorney-Client Privilege

In order to avoid coverage based on late notice, Wausau has the burden of proving not only that the insured breached the policy's notice provision, but also that the delay caused Wausau actual and substantial prejudice. Oregon Automobile Ins. Co. v. Salzberg, 85 Wn.2d 372, 377 (1975). In Washington, it is not enough for the insurer to show that late notice deprived it of an opportunity to investigate and to choose defense counsel: "the insurer must prove that an insured's breach of a notice provision had an identifiable and material detrimental effect on its ability to defend its interests." Mutual of Enumclaw Ins. Co. v. USF Ins. Co., 164 Wn.2d 411, 429-30 (2008). Where the insurer claims that its chosen counsel would have

1  defended the underlying litigation differently, as is the case here, the insurer must show that its
2  early participation would have materially affected the outcome. Id. at 430.

3  For purposes of this motion, Wausau's theory of the case is that DWT's inability
4  to file cross-claims against the oil companies and its failure to assert the innocent landowner
5  defense to Safeway's claims materially damaged Bank of America's litigation position. In order
6  to show that counsel of its choice would have and could have performed better, Wausau seeks
7  discovery regarding how and why decisions were made in the underlying environmental
8  litigation. Wausau hopes the documents will show that DWT's conflicts of interest and/or lack
9  of experience in environmental litigation caused the missteps which resulted in Bank of America
10 paying twice as much in settlement as the oil companies. Wausau would then be in a position to
11 argue that the late notice caused "actual and substantial prejudice" to its interests.

12  Many of the documents Wausau seeks are protected by the attorney-client
13 privilege and/or the work product doctrine. The purpose of the attorney-client privilege is to
14 "encourage free and open attorney-client communication by assuring the client that his
15 communications will be neither directly nor indirectly disclosed to others." Heidebrink v.
16 Moriwaki, 104 Wn.2d 392, 404 (1985). The privilege can be waived, however, if the client
17 asserts a claim that puts protected communications squarely at issue. Allowing the client to seek
18 relief while concealing information relevant to the defense of the claim "would in effect enable
19 [the client] to use as a sword the protection which the Legislature awarded them as a shield."
20 Pappas v. Holloway, 114 Wn.2d 198, 208 (1990). The Washington Supreme Court has applied a
21 three-prong test for determining whether the facts of a given case constitute an implied waiver:

22     (1) was the assertion of the privilege the result of some affirmative act, such as
23         filing suit, by the asserting party;

24     (2) did the asserting party put the protected information at issue through its
25         affirmative act; and

26     (3) would application of the privilege deny the opposing party access to

ORDER GRANTING IN PART
MOTION TO COMPEL DISCOVERY    -3-

information vital to his defense?

Id. at 207 (citing Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975)).

The Court finds that Bank of America has waived the privilege in the context of the present case. On March 9, 2007, Bank of America tendered a claim for insurance coverage to Wausau. This affirmative act was the catalyst which placed the Bank's late notice and the prejudice arising therefrom at issue. As was the case in Pappas, Wausau cannot meet its burden of proof simply be showing "what actually happened," *i.e.* that DWT failed to assert a particular cross-claim or defense. Rather, Wausau must show that DWT, the Bank's chosen counsel, was prevented from asserting these claims or defenses by factors which would not have inhibited Wausau's chosen counsel. Importantly, Wausau does not rely on mere supposition or conjecture when it argues that its counsel could have and would have done better: a bald assertion of prejudice should not be sufficient to invade the attorney-client privilege. In this case, Wausau has evidence of extra-legal impediments and specific litigation tactics that could reasonably lead one to question the efficacy of DWT's representation. Determining whether Wausau's counsel would have performed better will involve an evaluation of attorney-client decisions throughout the environmental contamination litigation – how the litigation strategy was developed, whether certain defenses were considered, and what impact DWT's loyalties to the oil companies had. Thus, the privilege must yield if Wausau is to have access to information that is vital to its coverage defense.[2]

**B. Work Product Doctrine**

For many of the same reasons, the Court finds that Wausau has shown substantial

---

[2] Request for Production No. 17 also seeks discovery of documents related to the defense of the vulnerable adult proceeding and the financial exploitation action initiated by Mrs. Jurgensen and/or the Jurgensen Living Trust. Because Bank of America tendered only the Safeway litigation to Wausau for indemnification, the Bank took no affirmative act that could have waived the privilege as to documents generated in the Jurgensen litigations.

ORDER GRANTING IN PART
MOTION TO COMPEL DISCOVERY           -4-

need for documents prepared in anticipation of the Safeway litigation. Wausau cannot simply point to DWT's conflicts of interest or its decision to forego the innocent landowner defense and allege prejudice: it must show that, had it been given timely notice and an opportunity to retain counsel, its interests would have been better protected. Documents revealing the perceived relative strength of a cross-claim against the oil companies and/or the innocent landowner defense in the context of the underlying litigation and documents disclosing DWT's attempts to devise a litigation strategy around its conflicts are critical to Wausau's defense and are unavailable from other sources. <u>Heidebrink</u>, 104 Wn.2d at 401. Because the mental impressions and opinions of DWT attorneys in the Safeway litigation are an integral part of the prejudice analysis, the materials withheld under the work product doctrine are discoverable. <u>Pappas</u>, 114 Wn.2d at 212-13.[3]

## C. Duty to Supplement

Pursuant to Fed. R. Civ. P. 26(e), "[a] party who has made a disclosure under Rule 26(a) . . . must supplement, or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Wausau argues that because Bank of America made its initial disclosures before Wausau became a third-party defendant and asserted its cross-claim for declaratory judgment, supplementation is appropriate. In particular, Wausau seeks "a computation of damages, if any, it seeks to recover from Wausau in this action." Motion at 12. The Bank argues that its assignment of all remaining claims under the Wausau policy to Mrs. Jurgensen relieves it of any duty to supplement under Rule 26(e).

The Bank remains a party in this litigation and is therefore subject to the duty to

---

[3] Wausau has not shown a need for work product generated for the vulnerable adult proceeding or the financial exploitation action.

ORDER GRANTING IN PART
MOTION TO COMPEL DISCOVERY          -5-

1 supplement. Nevertheless, Wausau has not identified any "additional or corrective information"
2 in the circumstances presented here. Neither the Bank nor Mrs. Jurgensen has asserted a claim
3 against Wausau in this litigation. Although they apparently intend to contest Wausau's request
4 for a declaration of no coverage under the insurance policy, they have not asked for affirmative
5 relief of any kind against the insurer. Thus, a computation of damages is unnecessary, given the
6 absence of any claim on which damages could be awarded.

For all of the foregoing reasons, Wausau's motion to compel is GRANTED in part and DENIED in part. Bank of America shall produce all documents responsive to Wausau's First Set of Requests for Production of Documents No. 17, 19, and 20 related to the underlying environmental litigation. Its objections based on privilege are overruled. Because there is no reason to suspect that supplementation is necessary, Wausau's request for an order compelling production of a computation of damages is denied.

Dated this 18th day of August, 2009.

Robert S. Lasnik
United States District Judge