UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BANK OF AMERICA,

            Plaintiff,

    v.

TRAVELERS INDEMNITY COMPANY, *et al.*,

            Defendants.
_____

No. C07-0322RSL

ORDER DENYING PLAINTIFF'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY

This matter comes before the Court on "Plaintiff's Motion to Dismiss or, in the Alternative, Stay Wausau's Declaratory Judgment Claim." Dkt. # 206. Plaintiff argues that Wausau Underwriters Insurance Company's declaratory judgment action should not be allowed to go forward because (1) further prosecution of the action would – or could – violate the duty of good faith Wausau owes to its insured and (2) dismissal would avoid duplicative litigation and the needless adjudication of state law issues.

## BACKGROUND

In October 2004, Safeway sued a number of adjacent land owners for environmental contamination discovered on its property. Bank of America was sued as trustee for the Jurgensen Living Trust, which owned property near the Safeway site. The Bank retained the law firm of Davis Wright Tremaine ("DWT") as defense counsel in the environmental litigation, despite the fact that DWT represented two of the Bank's co-defendants,

ORDER DENYING PLAINTIFF'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, STAY

ConocoPhillips and ChevronTexaco, in unrelated matters. The Bank signed a waiver of conflicts of interest acknowledging that DWT could not assert any cross-claims against the oil companies regarding the contamination on Safeway's property. The Bank settled the environmental litigation with Safeway for $633,333 and commenced suit against some of its insurers to recover the settlement payment plus attorney's fees of more than $1,000,000.

A week after the coverage action was initiated, Bank of America notified Wausau of Safeway's environmental contamination claim and requested coverage under its insurance policy. When Wausau was brought into the coverage action as a third-party defendant, it filed a cross-claim for a declaration of non-coverage against the Bank. Wausau maintains that the Bank failed to provide timely notice of the Safeway claim as required by the insurance contract and that the failure prejudiced Wausau's defense of the underlying litigation. Wausau's theory of the case is that, because the Bank's chosen law firm was unable to file cross-claims against the oil companies and failed to assert an innocent landowner defense, the Bank's litigation position was materially damaged and it paid more than its fair share in settlement. In order to succeed on its untimely notice claim, Wausau must show that, had it been given timely notice, its counsel of choice would have and could have performed better than DWT.

In the fall of 2008, the Bank settled its coverage dispute with all insurers except Wausau. In August 2009, two of the settling insurers announced that they were contemplating a suit against the oil companies to recover costs paid in settlement of the Safeway litigation. As far as the record shows, no contribution action has yet been filed. The Bank argues that Wausau should be precluded from pursing a declaration of non-coverage because it could damage its insured's position in the underlying litigation and that a dismissal would promote judicial comity and efficiency.

## DISCUSSION

**A. Prejudice to the Insured**

Bank of America argues that a decision in this declaratory judgment action could prejudice the Bank's interests in the underlying litigation against the oil companies. Motion at 9. The Bank cites <u>Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.</u>, 161 Wn.2d 903, 914-15 (2007), for the proposition that an insurer must avoid seeking adjudication of any factual matters disputed in the underlying litigation. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that the duty of good faith which underlies the analysis in <u>Dan Paulson</u> would not be breached if Wausau were permitted to proceed with this litigation.

First, the proposed contribution action against the oil companies is not the "underlying litigation" as that term is used in the insurance context. The Bank is seeking coverage for liabilities that were established in the environmental contamination litigation filed by Safeway against its neighbors. It is the Safeway litigation that "underlies" this coverage action. All factual matters disputed in the underlying litigation were resolved years ago through settlement and will not be affected by Wausau's declaratory judgment claim or the other insurers' contribution claim against the oil companies. The Bank cannot wrap itself in the protections offered by <u>Dan Paulson</u> simply by redefining the "underlying litigation" to include the proposed contribution actions. Unlike the situation in <u>Dan Paulson</u>, Wausau is not providing its insured a defense to the underlying claims under a reservation of rights while at the same time seeking a declaration of no coverage. The "enhanced obligation of fairness" (<u>Tank v. State Farm Fire & Cas. Co.</u>, 105 Wn.2d 381, 383 (1986)) that attaches in that situation – and which prompted the holding in <u>Dan Paulson</u> – is therefore not applicable.

Second, the Bank's interests are not implicated in the proposed litigation between its insurers and the oil companies. The Bank assigned any rights it may have against the oil companies to the settling insurers, and its liability to Safeway will neither increase nor decrease

as a result of the potential claims for contribution. To the extent Mrs. Jurgenson and/or the Trust are insureds under Wausau's policy, they have not asserted a claim against Wausau, they are not parties to this litigation, and there is no indication that they will have a role in the proposed contribution action. Absent some link between the additional insureds and the pending/proposed litigations, the interests of Mrs. Jurgenson and the Trust are not implicated by the continuation of this declaratory judgment action.

Finally, the issues to be decided in this declaratory judgment action are distinct from those that may be raised in a contribution action against the oil companies. This action focuses on what the Bank and its chosen counsel did in defense of Safeway's claims and compares their conduct to what experienced and conflict-free counsel would have done. The contribution action will turn on the environmental realities at the Safeway property – which entities contributed to the environmental contamination and to what extent. Evidence generated in the contribution action might assist Wausau in showing that the Bank was ill-served by DWT, but it is hard to imagine how Wausau's pursuit of its untimely notice claim could interfere with the insurers' ability to prove that the oil companies paid less than their fair share of the cost of cleaning up Safeway's property.

Wausau's duty of good faith toward the Bank does not impose any obligations with regards to the proposed contribution action against the oil companies. Wausau owes no duty to the settling insurers that would require it to forego its own defense to coverage in favor of their claims. As for its insured, the circumstances in which Wausau's declaratory judgment claim arose are completely different from those considered in <u>Dan Paulson</u>. Wausau was never asked to provide a defense and therefore was never faced with the dilemma of having to defend the Safeway litigation under a reservation of rights while at the same time seeking a declaration of non-coverage. The Bank's liability in the underlying litigation was established years ago, and the only remaining question is whether Wausau must indemnify the Bank for some portion of that loss. Resolution of that issue will not alter the outcome of the underlying litigation. Even if

there were some incidental effect on the other insurers' claims for contribution against the oil companies, such impacts do not implicate Wausau's duty of good faith toward its insured.

**B. Jurisdiction under the Declaratory Judgment Act**

The Bank urges the Court to decline to hear Wausau's claim for declaratory judgment because dismissal would avoid duplicative litigation and the needless adjudication of state law issues. The Declaratory Judgment Act is "cast in terms of permissive, rather than mandatory, authority." Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952) (J. Reed, concurring). On challenge by a party, the district court must satisfy itself that entertaining the action is appropriate using the prudential guidance provided by the Supreme Court in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942), and its progeny. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998).

Under Brillhart, dismissal or stay is not appropriate. The key consideration in Brillhart was whether "all the matters in controversy between the parties could be fully adjudicated" in the proceeding pending in state court. 316 U.S. at 495. If that were the case, a declaratory judgment action in federal court would be unwarranted because it would be "uneconomical and vexatious . . . [to] interfere with the orderly and comprehensive disposition of a state court litigation . . . ." 316 U.S. at 495. Because the district court had not considered whether the claims of all parties could be adequately tested in the state court action, the Supreme Court remanded Brillhart for further factual findings. 316 U.S. at 495-98.

As far as the Court is aware, there is no pending state proceeding. The contours of the proposed contribution action are unknown: the parties, claims, and jurisdiction are all to be decided by the settling insurers at some point in the future. Regardless of when and where the proposed contribution action is ultimately filed, it seems unlikely that Wausau, as a non-settling insurer, would have any role in the litigation or that its coverage dispute could be resolved therein. There is no reason to assume that Wausau could obtain a declaration of rights and responsibilities under its insurance contract as part of a state court contribution action between

unrelated parties. In such circumstances, consideration of the state law issues by a federal court is neither needless nor duplicative. As the Supreme Court noted in Brillhart, a district court is well within its discretion to hear a prayer for relief under the Declaratory Judgment Act when the dispute could not be adjudicated in the state court proceeding. 316 U.S. at 496-97.

The prudential concerns discussed in Brillhart are not exclusive. Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). When determining whether to entertain an action under the Declaratory Judgment Act, courts have considered not only "the scope of the pending state court proceeding and the nature of defenses open there" (Brillhart, 316 U.S. at 495), but also "practicality and wise judicial administration" (Wilton, 515 U.S. at 288), the need to discourage forum shopping and procedural gamesmanship (Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991); Dizol, 133 F.3d at 1225 n.5), whether the declaratory judgment action will resolve all aspects of the controversy (Dizol, 133 F.3d at 1225 n.5), potential entanglements between federal and state court systems (Id.), and the convenience of the parties (Id.). None of these factors suggests that dismissal is appropriate. This matter has been pending in federal court since March 2007. It was initiated by the Bank and actively litigated until only Wausau's cross-claim remains to be decided. There are no state court proceedings pending at this time, and the only potential state court litigation will not resolve the contract issues raised by Wausau. Discovery is complete, and Wausau has moved for summary judgment on its cross-claim. No federal/state entanglements are likely if this case proceeds to resolution. In the circumstances presented here, it would be neither practical nor wise to jettison this case after years of litigation "simply to have it prosecuted again in state court on the same facts and the same law." Dizol, 133 F.3d at 1224 (quoting Golden Eagle Ins. Co. v. Travelers Companies, 103 F.3d 750, 756 (9th Cir. 1996)). Having considered the record, the arguments of the parties, and the purposes of the Declaratory Judgment Act, the Court will assume jurisdiction over this matter and resolve Wausau's request for declaratory relief.

For all of the foregoing reasons, plaintiff's motion to dismiss or, in the alternative, stay this litigation (Dkt. # 206) is DENIED.

Dated this 9th day of November, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge